**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TOMMY E. BRADLEY,

    Petitioner-Appellant,

v.

RANDY PARKER; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

    Respondents-Appellees.

No. 04-6219

(D.C. No. 04-CV-00307-R)

(W.D. Oklahoma)

ORDER[*]

Before **TACHA**, Chief Judge, **BRISCOE**, and **HARTZ,** Circuit Judges.

Tommy E. Bradley, a state prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2241 habeas

petition.  We deny the request for a COA and dismiss the appeal.

Issuance of a COA is jurisdictional.  Miller-El v. Cockrell, 537 U.S. 322, 336

(2003).  A COA can issue only "if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's

_____

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. After careful review of all of the filings and the record on appeal, we conclude the requirements for issuance of a COA have not been met.

Bradley is serving a controlling five-year sentence for possession of a firearm by a felon and possession of a stolen vehicle. He contends he is being denied due process by the manner in which his sentence is being executed. He asserts he was improperly assigned to a classification level adversely affecting his ability to obtain earned credits. The magistrate judge concluded Bradley's claim had been procedurally defaulted in state court and was therefore procedurally barred. Even if the merits of Bradley's claim were reached, the magistrate judge concluded his claim would fail. The magistrate judge found that Bradley had not shown that any sentence credits had been removed from his sentence, but that he "merely seeks the opportunity to earn more sentence credits based on what he feels is an 'unjust' consideration of his past escape history for which he was not disciplined or convicted." ROA, Doc. 22 at 7. The magistrate judge cited Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994), which states: "Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." The district court adopted the report and recommendation and denied relief.

We DENY the request for a COA for substantially the same reasons as stated in

2

the report and recommendation filed June 2, 2004, and the district court's order filed June

22, 2004, and DISMISS the appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge